UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| YOSVANY PELEGRIN, a/k/a PELEGRIN-GUERRERO YOSVANY, A# 213 467 286, <br><br> Petitioner, <br><br> vs. <br><br> DEBORAH ACHIM, Field Office Director for Detention and Removal, ICE, DHS; RAY CASTRO, Warden of the South Texas Detention Center; and PETE GAYNOR, Interim Secretary of the Department of Homeland Security, <br><br> Respondents. | SA-20-CV-1007-JKP |

## ORDER OF DISMISSAL

Before the Court are Petitioner Yosvany Pelegrin a/k/a Yosvany Pelegrin-Guerrero's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Section 2241 Petition") (ECF No. 1), and Respondents' Motion for Summary Judgment (ECF No. 14). Upon consideration, Respondents' Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

### PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is a citizen of Cuba, who has been detained since October 20, 2019, as an arriving alien. (ECF No. 1). On February 18, 2020, Petitioner was ordered removed by an Immigration Judge. (*Id.*). On August 26, 2020, Petitioner filed his Section 2241 Petition, seeking his immediate release on the grounds that his continued and prolonged detention is unlawful. (*Id.*).

On October 21, 2020, Respondents filed a Motion for Summary Judgment, arguing that Petitioner's Section 2241 Petition is premature, Petitioner failed to demonstrate "no significant likelihood of removal in the reasonably foreseeable future as required by *Zadvydas v. Davis*, 533

U.S. 678, 801 (2001), and Respondents demonstrated that Petitioner's removal is reasonably foreseeable. (ECF No. 14). Respondents attached as evidence, the Declaration of Ruben Leyva, who stated that the Government of Cuba had "agreed to accept Petitioner's return to Cuba" and "[t]he sole obstacle impeding his removal [was] the threat posed by the COVID-19 pandemic that has interfered with regular air traffic to Cuba and many other countries as well." (*Id.*, exh. 2 at 2).

On January 14, 2021, when it became apparent that regular air traffic to Cuba had resumed and other Petitioners were being repatriated, Respondents were ordered to submit an advisory explaining why Petitioner had not yet been removed. (ECF No. 16). Respondents timely filed their Advisory, stating that Petitioner was scheduled to be removed in December of 2020, however, his removal has been temporarily suspended due to the fact that Respondents were not able to exclude him as a potential class member in a preliminary injunction class, *Al Otro Lado, Inc., et al., v. McAleenan, et al.*, No. 3:17-CV-02366-BAS-KSC (S.D. Cal.). (ECF No. 18, exh. A).

## Discussion

Petitioner challenges the propriety of his continued detention, maintaining he has been detained for more than ten months and Respondents are unable or unwilling to remove him. (ECF No. 1 at 1). However, the Order of Removal became final on March 20, 2020, thirty days after it was issued, because Petitioner did not appeal the decision; therefore, Petitioner's Section 2241 Petition, filed on August 26, 2020, is, in fact, premature. (ECF No. 14, exh. 1). *See Chong Yong Seong v. Witte*, No. EP-18-CV-00283-DCG, 2018 WL 7350949, at *2 (W.D. Tex. Nov. 26, 2018) (finding that Petitioner could not state a claim under *Zadvydas* because the six-month presumptive detention period had not passed at the time the petition was filed); *see also* 8 C.F.R. §§ 1241.1(c) and 1003.38(b).

Petitioner also fails to carry his burden pursuant to *Zadvydas*, which has been held to require that "[t]he alien bear[] the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (finding a petition meritless that included only conclusory statements suggesting that petitioner would not be immediately removed following the resolution of his appeals process). Here, Petitioner offers no evidence that there is "no significant likelihood of removal in the reasonably foreseeable future."

Moreover, the summary judgment evidence reflects that but-for his potential class membership in a preliminary injunction class, Petitioner would be removed to Cuba forthwith. (ECF No. 14, exh. 2). Consequently, even if Petitioner could meet his initial burden, the Government has clearly demonstrated that Petitioner's removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 701; *Andrade*, 459 F.3d at 543.

## CONCLUSION

Based on the foregoing, Respondents' Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

Accordingly, **IT IS ORDERED** that Respondents' Motion for Summary Judgment (ECF No. 14) is **GRANTED** and Petitioner's Section 2241 Petition (ECF No. 1) is **DENIED**.

SIGNED this 3rd day of February, 2021.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE